FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 21, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOANNA R.[1], | No. 4:24-CV-05139-RLP |
| Plaintiff, | ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS |
| v. | |
| FRANK BISIGNANO COMMISSIONER OF SOCIAL SECURITY[2], | |
| Defendant. | |

BEFORE THE COURT is an appeal from an Administrative Law Judge (ALJ) final decision denying supplemental security income under Title XVI of the Social Security Act. ECF No. 14. The Court considered the matter without oral

---

[1] Plaintiff's first name and last initial are used to protect her privacy.

[2] Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Pursuant to Rule 25(d) of the Rules of Civil Procedure, Frank Bisignano is substituted for Leland Dudek as the Defendant in this suit

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS * 1

argument. For the reasons discussed below, the Court concludes the ALJ committed harmful legal error in evaluating Ms. R.'s symptom testimony. Therefore, Ms. R.'s brief, ECF No. 14, is granted and the Commissioner's brief, ECF No. 20, is denied.

## BACKGROUND

Ms. R. was nineteen years old on the alleged onset date of January 1, 2019. Tr. 215. Ms. R. did not complete high school. Tr. 84. She has never worked. Tr. 85.

Ms. R. filed this claim for supplemental security income on June 14, 2021. Tr. 215-224. The claim was denied initially and upon reconsideration. Tr. 117-121, 122-27. A hearing before an ALJ was held on November 20, 2023, at which Ms. R. testified as to her symptoms. Tr. 67-114. On December 28, 2023, the ALJ issued an unfavorable decision, Tr. 18-39, and the Appeals Council denied review. Tr. 1-6. The matter is now before this Court pursuant to 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

This Court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). If the evidence in the record "is susceptible to more than one

rational interpretation, [the Court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10, 129 S. Ct. 1696 (2009).

FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do [his or her] previous work[,] but cannot, considering [his or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3(B).

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS * 3

1   The Commissioner has established a five-step sequential analysis to

2   determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§

3   404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). At step one, if the claimant is engaged

4   in "substantial gainful activity," the Commissioner must find that the claimant is

5   not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b). At step two, the

6   Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§

7   404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant suffers from "any impairment

8   or combination of impairments which significantly limits [his or her] physical or

9   mental ability to do basic work activities," the analysis proceeds to step three. 20

10  C.F.R. §§ 404.1520(c), 416.920(c). At step three, the Commissioner compares the

11  claimant's impairment to severe impairments recognized by the Commissioner to

12  be so severe as to preclude a person from engaging in substantial gainful activity.

13  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).

14       If the severity of the claimant's impairment does not meet or exceed the

15  severity of the enumerated impairments, the Commissioner must assess the

16  claimant's residual functional capacity (RFC), which is the claimant's ability to

17  perform physical and mental work activities on a sustained basis despite his or her

18  limitations, 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

19       At step four, the Commissioner considers whether, in view of the claimant's

20  RFC, the claimant is capable of performing work that he or she has performed in

ORDER REVERSING AND REMANDING THE COMMISSIONER'S
DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS * 4

the past (past relevant work). 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If not, the analysis proceeds to step five and the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

ALJ'S FINDINGS

At step one, the ALJ found Ms. R. has not engaged in substantial gainful activity since January 1, 2019, the alleged onset date. Tr. 20. At step two, the ALJ found that Ms. R. has the following severe impairments: schizoaffective disorder, substance abuse, generalized anxiety disorder, and obesity. *Id*.

At step three, Ms. R. contended she met or medically equaled Listings 12.03, schizophrenia spectrum and other psychotic disorders, 12.04, depressive, bipolar and related disorders, and 12.06, anxiety and obsessive-compulsive disorders. *Id*. To satisfy these listings, a claimant generally must satisfy the B criteria by demonstrating:

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS * 5

B. Extreme limitation[3] of one, or marked limitation of two, of the following areas of mental functioning (see 12.00F):
   1. Understand, remember, or apply information (see 12.00E1).
   2. Interact with others (see 12.00E2).
   3. Concentrate, persist, or maintain pace (see 12.00E3).
   4. Adapt or manage oneself (see 12.00E4).

20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.03, 12.04, 12.06. Alternatively, these listings may be satisfied by demonstrating the C criteria are met:

C. Your mental disorder in this listing category is "serious and persistent;" that is, you have a medically documented history of the existence of the disorder over a period of at least 2 years, and there is evidence of both:
   1. Medical treatment, mental health therapy, psychosocial support(s), or a highly structured setting(s) that is ongoing and that diminishes the symptoms and signs of your mental disorder (see 12.00G2b); and
   2. Marginal adjustment, that is, you have minimal capacity to adapt to changes in your environment or to demands that are not already part of your daily life (see 12.00G2c).

*Id*.

The ALJ found that Ms. R. did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. Tr. 22. Specifically, the ALJ found Ms. R. did not satisfy the B

---

[3] When rating a claimant's degree of limitation due to a mental impairment, the Commissioner uses the following five-point scale: None, mild, moderate, marked, and extreme. 20 C.F.R § 416.920a(c)(4). Extreme limitations are those "incompatible with the ability to do any gainful activity." *Id*.

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS * 6

criteria for Listings 12.03, 12.04, or 12.06 because she had no more than moderate limitations in any of the four areas of mental functioning. Tr. 23. The ALJ found Ms. R. did not satisfy the C criteria because she only lived in a highly structured setting for a short time, and did not demonstrate marginal adjustment. Tr. 24.

After finding Ms. R. did not meet or medically equal the severity of one of the listed impairments, the ALJ assessed her RFC. Tr. 26-37. With regards to Ms. R.'s own statements concerning her symptoms, the ALJ found Ms. R's impairments could reasonably be expected to cause her alleged symptoms, but that her testimony was not entirely consistent with the medical evidence or the evidence in the record. Tr. 27-28. The ALJ then reviewed six medical opinions provided in the record. Tr. 33-37. Four opinions found Ms. R. had no more than moderate limitations in any area of functioning. Tr. 117-121, 122-27, 1304-13, 1600-05. The remaining two, from Drs. David Morgan and Lucy Carstens, found she had multiple marked limitations. Tr. 317-21, 1638-39. The ALJ did not find the opinions of Drs. Morgan or Carstens persuasive, and found the opinions of the remaining four doctors partially persuasive. Tr. 33-37. When assessing Ms. R.'s RFC, the ALJ declined to find Ms. R.'s substance abuse material to its decision. Tr. 34.

With respect to the RFC, the ALJ found Ms. R. has the capacity to perform medium work, except she must avoid all exposure to workplace hazards, and can

perform only simple routine tasks in an environment not involving work requiring a specific production rate such as assembly line work or work that requires hourly quotas, but she can perform work involving simple work-related decisions and occasional workplace changes and occasional interaction with supervisors and coworkers and no interaction with the public as part of the job duties. Tr. 26.

At step four, the ALJ found Ms. R. had no past relevant work. Tr. 38. At step five, the ALJ found Ms. R. capable of performing other work available in significant numbers in the national economy such as an industrial sweeper, laundry laborer, or general factory helper. Tr. 38-39. Based on these adverse findings, the ALJ determined Ms. R. has not been under a disability, as defined in the Social Security Act, from January 1, 2019, through the date of the decision. *Id*.

## ANALYSIS

Ms. R. does not contest the ALJ's findings on steps one and two of the five step evaluation process. She argues that the ALJ erred at step three by improperly finding she did not meet or medically equal the criteria of Listings 12.03, 12.04, or 12.06. She also contends the ALJ improperly evaluated the medical opinions of Drs. Morgan and Carstens, and improperly rejected her own testimony concerning her symptoms.[4] Consequently, Ms. R. contends the ALJ formulated an incomplete

---

[4] Ms. R's brief is not structured in a way that accounts for the applicable

ORDER REVERSING AND REMANDING THE COMMISSIONER'S
DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS * 8

RFC, and then erred at step five by finding her capable of performing work available in significant numbers in the national economy.

The Court concludes that the ALJ's findings concerning the listings and its treatment of the medical evidence were supported by substantial evidence. However, the ALJ failed to provide specific, clear, and convincing reasons to reject Ms. R.'s testimony. This is reversible error requiring remand.

## A.    The Listings

Ms. R. contends the ALJ erred at step three by failing to find she met or medically equaled the B criteria for Listings 12.03, 12.04, and 12.06, or the C criteria for Listings 12.03 and 12.04. *Id.*

As stated above, the B Criteria for Listings 12.03, 12.04, and 12.06 all require:

B. Extreme limitation of one, or marked limitation of two, of the following areas of mental functioning (see 12.00F):
   1. Understand, remember, or apply information (see 12.00E1).
   2. Interact with others (see 12.00E2).
   3. Concentrate, persist, or maintain pace (see 12.00E3).
   4. Adapt or manage oneself (see 12.00E4).

20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.03, 12.04, 12.06.

---

legal framework. Ms. R's brief largely relies upon factual arguments, rebutting the ALJ's factual findings, without tying the factual claims to the five-step evaluation process. This lack of specific legal structure has unnecessarily complicated the Court's review of this matter.

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS * 9

Regarding her ability to understand, remember, or apply information, the ALJ found Ms. R. had no more than a mild limitation. Tr. 23. The ALJ cited to portions of her medical records wherein she was found to have normal memory, Tr. 338, and her normal performance at psychological examinations. Tr. 1309, 1605.

Regarding her ability to interact with others, the ALJ found Ms. R. had a moderate limitation. Tr. 23. The ALJ cited her variable performance where she at times struggled to hold a conversation, Tr. 410, 1611, 1623, 1761-62, 1819, but generally could also interact with others normally. Tr. 373-74, 399, 1447, 1645, 1666, 1673, 1799, 1911.

Regarding her ability to concentrate, persist, or maintain pace, the ALJ found Ms. R. had a moderate limitation. Tr. 23. The ALJ cited multiple occasions of providers assessing Ms. R. as being restless, anxious, or irritable, with concrete cognition and loose and circumstantial associations, although with good concentration and attention. Tr. 1611, 1623, 1761-62, 1819. The ALJ also cited occasions where Ms. R. struggled to pay attention or understand things, Tr. 1378, 1447, and conversely her normal concentration at a psychiatric examination. Tr. 1310.

Regarding her ability to adapt or manage oneself, the ALJ found Ms. R. had a moderate limitation. Tr. 23. The ALJ cited a to a psychological evaluation

ORDER REVERSING AND REMANDING THE COMMISSIONER'S
DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS * 10

wherein the evaluator found Ms. R. had an adolescent or child-like emotional level, and was dependent on others for assistance, Tr. 1603, and her performance at Dr. Morgan's evaluation wherein she had a depressed mood, delusions and hallucinations, and poor memory and abstract thought. Tr. 321. The ALJ also noted Ms. R.'s condition improved with time, citing multiple occasions in 2022 where she was anxious and reported hallucinations, but was otherwise assessed with normal mental status, Tr. 1506-07, 1522, 1546-47, 1577, and her improvement after using appropriate coping strategies. Tr. 1389, 1643, 1754.

The evidence cited by the ALJ in its decision constitutes substantial evidence in support of only mild or moderate limitations in the four areas of mental functioning contained within the B criteria. That Ms. R. can argue for a different conclusion using other evidence in the lengthy record is irrelevant. *See Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) (ALJ "responsible for resolving ambiguities" in the record). The ALJ's findings were supported by substantial evidence, and the Court will not disturb these findings on appeal.

The C Criteria for Listings 12.03 and 12.04 require:

C. Your mental disorder in this listing category is "serious and persistent;" that is, you have a medically documented history of the existence of the disorder over a period of at least 2 years, and there is evidence of both:

    1. Medical treatment, mental health therapy, psychosocial support(s), or a highly structured setting(s) that is ongoing and that diminishes the symptoms and signs of your mental disorder (see 12.00G2b); and

    2. Marginal adjustment, that is, you have minimal capacity to adapt to changes in your environment or to demands that are not already part of

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS * 11

your daily life (see 12.00G2c).

20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.03, 12.04.

The ALJ reasoned the C criteria were not met because Ms. R. did not live in a highly structured setting, other than a 3 month stay in a psychiatric hospital and subsequent time in a residential facility, and because there was no evidence of her marginal adjustment as she was able to attend school and go on trips. Tr. 1447, 1752-53.

Substantial evidence supports the ALJ's finding that the C criteria were not met. While Ms. R. argues she resided in supportive housing to cope with her symptoms, she does not address the fact that the record lacks evidence of her marginal adjustment. As the ALJ noted, Ms. R. frequently handled changes in her environment and demands that were not part of her daily life. This constitutes substantial evidence in support of the ALJ's finding that there was no evidence of marginal adjustment, and thus that the C criteria were not met.

**B.    Medical Opinions**

Ms. R. contends the ALJ failed to properly evaluate the medical opinions of Drs. Morgan and Carstens. This criticism appears to pertain both to the ALJ's determination at step three as to whether Ms. R. met or medically equaled a listing, and to its assessment of Ms. R.'s RFC. Ms. R. appears to contend that if the ALJ accepted the medical opinions of Drs. Morgan and Carstens, then at step three it

would have found she had marked limitations in the four areas of mental functioning, thus satisfying the B criteria for Listings 12.03, 12.04, and 12.06. With regards to her RFC, Ms. R. appears to contend that accepting the opinions of Drs. Morgan and Carstens would have led to the assessment of greater limitations to her RFC, which in turn would have rendered her incapable of performing work available in significant numbers in the national economy at step five.

The regulations provide that an ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources. 20 C.F.R. §§ 404.1520c, 416.920c. Supportability and consistency are the most important factors in evaluating the persuasiveness of medical opinions and prior administrative findings, and therefore the ALJ is required to explain how both factors were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). The ALJ may, but is not required, to explain how other factors were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2); *see* 20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5).

### 1.    *David Morgan, Ph.D.*

Dr. Morgan performed a psychological evaluation of Ms. R. on August 24, 2021. Tr. 317-21. He opined Ms. R. had a chemical dependency of moderate to marked severity, and daily psychosis of marked to severe severity. Tr. 318. He diagnosed Ms. R. with Schizoaffective Disorder, Depressive Type and Stimulant

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS * 13

Use Disorder, In Early Remission. *Id*. His evaluation included a mental status examination, wherein Dr. Morgan found Ms. R. had had normal speech, cooperative behavior, depressed mood, normal affect, delusional thought patterns, a distorted sense of perception due to hallucinations, normal memory, normal concentration, normal insight and judgment, an inadequate fund of knowledge due to being unable to name bordering states, and inadequate abstract thought due to being unable to interpret two proverbs. Tr. 320-21.

Dr. Morgan summarily opined Ms. R. had marked limitations in her ability to:

- Perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision;
- Learn new tasks;
- Perform routine tasks without special supervision;
- Adapt to changes in a routine work setting;
- Make simple work-related decisions;
- Ask simple questions or request assistance;
- Communicate and perform effectively in a work setting;
- Maintain appropriate behavior in a work setting; and
- Complete a normal work day and work week without interruptions from psychologically based symptoms.

Tr. 319. Dr. Mogan also opined that Ms. R.'s limitations were not primarily the result of her substance abuse disorder, and would persist following 60 days of sobriety. *Id*.

The ALJ found Dr. Morgan's opinions unpersuasive because they were unsupported and inconsistent with the record as a whole. Tr. 34-35.

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS * 14

1    Regarding supportability, the ALJ found Dr. Morgan's assessed limitations

2    inconsistent with his findings from the mental status examination. *Id*. This finding

3    is supported by substantial evidence. Dr. Morgan's opinion does not explain why

4    he found the limitations he did. Some limitations appear to be directly contradicted

5    by Ms. R.'s performance during her mental status examination—for example, the

6    assessed marked limitation in her ability to ask simple questions or request

7    assistance appears to be contradicted by her normal speech, cooperative behavior,

8    and normal insight and judgment. Tr. 320-21. While some of Dr. Morgan's

9    findings could be interpreted to support his assessed limitations, identifying what

10   findings support what limitations requires significant guesswork on the part of the

11   reader. As Dr. Morgan failed to provide support for his assessed limitations, the

12   ALJ did not err by finding Dr. Morgan's opinion was unsupported.

13   Regarding consistency, the ALJ found inconsistency between the assessed

14   limitations and Ms. R.'s medical records, which showed that at times she reported

15   no hallucinations, engaged in conversation without difficulty, was pleasant and

16   easy to understand, and that she could use appropriate coping strategies to manage

17   her symptoms. Tr. 34-35. The ALJ also found Dr. Morgan's assessed limitations

18   inconsistent with Ms. R.'s unremarkable performance at a later psychological

19   examination. *Id*. As the ALJ found, Ms. R.'s records show her condition improved

20

ORDER REVERSING AND REMANDING THE COMMISSIONER'S
DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS * 15

1    in the years after Dr. Morgan's opinion in August 2021. The ALJ's cited evidence

2    constitutes substantial evidence in support of the ALJ's finding of inconsistency.

3           Ms. R. contends the ALJ improperly rejected Dr. Morgan's opinion based on

4    waxing and waning symptoms. See *Attmore v. Colvin*, 827 F.3d 872, 877 (9th Cir.

5    2016).  While Ms. R. displayed waxing and waning symptoms with regards to her

6    hallucinations and paranoia, the more important point made by the ALJ is that she

7    showed consistent improvement and an ability to manage these symptoms. As

8    noted by the ALJ, Ms. R. repeatedly stated she was doing well and managing her

9    symptoms. Tr. 373-74, 383, 399, 1288, 1310, 1389, 1447, 1491, 1620, 1645, 1666,

10   1673, 1799, 1911. While Ms. R. continued to experience bad days, there is

11   substantial evidence that her condition improved between Dr. Morgan's evaluation

12   in August 2021 and the ALJ's decision in 2023. Therefore, it was not an error for

13   the ALJ to find Dr. Morgan's assessed limitations inconsistent with the record as a

14   whole.

15          With regards to Dr. Morgan's opinion on Ms. R's substance abuse disorder,

16   the ALJ found "The statement regarding the effect of the claimant's substance

17   abuse is inherently neither valuable nor persuasive in accordance with 20 CFR

18   416.920b(c) and SSR 13-2p." Tr. 34. Ms. R. argues that the ALJ's rejection of Dr.

19   Morgan's findings on substance abuse lacked substantial evidence.

20

ORDER REVERSING AND REMANDING THE COMMISSIONER'S
DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS * 16

1    SSR 13-2p provides, in relevant part, "In disability hearings conducted by a

2    disability hearing officer at the reconsideration level, the disability hearing officer

3    determines whether the [substance use disorder] is material to the determination of

4    disability." 2013 WL 621536 at *14. A materiality determination is made only

5    where there is medical evidence establishing a claimant has a substance use

6    disorder, and there is a finding that the claimant is disabled considering all

7    impairments, including the substance use disorder. *Id*. at *4.

8    20 CFR § 416.920b(c)(3) provides that medical source statements on issues

9    reserved to the Commissioner are neither valuable nor persuasive.

10    The ALJ was not required to make a materiality determination as to Ms. R.'s

11    substance use disorder, or to "differentiate the level of limitation in the claimant's

12    functioning", ECF No. 14 at 9-10, unless it first found her to be disabled

13    considering all of her impairments. The ALJ did not find Ms. R. to be disabled,

14    even without differentiating between Ms. R.'s substance use disorder order and her

15    other disorders. Therefore, the ALJ did not err by failing to render a materiality

16    determination on Ms. R.'s substance use. Moreover, the ALJ's decision not to

17    credit Dr. Morgan's opinion on substance abuse was in accordance with 20 CFR §

18    416.920b(c)(3) as SSR 13-2p reserves the determination of a substance use

19    disorder's materiality to the ALJ. For these reasons, no error occurred.

20    　　2.    *Lucy Carstens, Ph.D.*

ORDER REVERSING AND REMANDING THE COMMISSIONER'S
DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS * 17

1    Dr. Carstens performed a medical evidence review on October 23, 2023,

2 reviewing the opinions of Dr. Morgan, Dr. Ronald Page, and Ms. R.'s medical

3 records. Tr. 1638-39. Dr. Page opined Ms. R. had no more than moderate

4 limitations in her ability to perform work activities. Tr. 1600-05. Dr. Carstens

5 opined the diagnoses of schizoaffective and substance use were disorder consistent

6 with the available evidence. Tr. 1638. She summarily opined Ms. R. had marked

7 limitations in her ability to:

8 - Perform activities within a schedule, maintain regular attendance, and be
   punctual within customary tolerances without special supervision;
9 - Adapt to changes in a routine work setting;
   - Communicate and perform effectively in a work setting;
10 - Maintain appropriate behavior in a work setting; and
11 - Complete a normal work day and work week without interruptions from
   psychologically based symptoms

12 *Id*.

13    The ALJ found Dr. Carstens's opinions unpersuasive because they were

14 unsupported and inconsistent with the record as a whole. Tr. 36.

15    Regarding supportability, the ALJ found that Dr. Carstens "did not offer

16 specific evidence or finding to support her opinion." *Id*. This finding is supported

17 by substantial evidence, as Dr. Carstens's opinion summarily assessed limitations

18 without explanation or analysis. The ALJ also noted that Dr. Carstens's opinion

19 was not supported by the opinions of Drs. Morgan and Page. *Id*. This finding too is

20 supported by substantial evidence. Dr. Page opined Ms. R. had no marked

ORDER REVERSING AND REMANDING THE COMMISSIONER'S
DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS * 18

1  limitations, Tr. 1602, and as discussed above Dr. Morgan's opinion was itself

2  unsupported. Therefore, all reasons provided by the ALJ in support of its findings

3  on supportability were supported by substantial evidence.

4       Regarding consistency, the ALJ found inconsistency between Dr. Carstens's

5  assessed limitations and Ms. R.'s medical records. Tr. 36. The inconsistencies

6  identified by the ALJ were largely the same as those previously cited as

7  inconsistent with Dr. Morgan's opinion. Thus, for the same reasons as discussed

8  above, the ALJ's finding of inconsistency was supported by substantial evidence.

9  **C.  Symptom Testimony**

10       Ms. R. contends the ALJ improperly rejected her testimony concerning the

11  severity of her symptoms. Ms. R. appears to contend that if the ALJ did not

12  improperly reject her testimony, then it would have assessed greater limitations to

13  her RFC, which in turn would have rendered her incapable of performing work

14  available in significant numbers in the national economy at step five.

15       An ALJ engages in a two-step analysis to determine whether to discount a

16  claimant's testimony regarding subjective symptoms. SSR 16-3p, 2016 WL

17  1119029, at *2. "First, the ALJ must determine whether there is 'objective medical

18  evidence of an underlying impairment which could reasonably be expected to

19  produce the pain or other symptoms alleged.' " *Molina*, 674 F.3d at 1112 (quoting

20  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009)). Second, "[i]f the claimant

ORDER REVERSING AND REMANDING THE COMMISSIONER'S
DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS * 19

1   meets the first test and there is no evidence of malingering, the ALJ can only reject

2   the claimant's testimony about the severity of the symptoms if [the ALJ] gives

3   'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763

4   F.3d 1154, 1163 (9th Cir. 2014) (citations omitted). "The clear and convincing

5   [evidence] standard is the most demanding required in Social Security cases."

6   *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r*

7   *of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

8       At the first step, the ALJ found there was objective medical evidence of an

9   underlying impairment which could reasonably be expected to produce the

10  symptoms Ms. R. alleged. Tr. 28. At the second step the ALJ found Ms. R.'s

11  statements about the intensity, persistence, and limiting effects of her symptoms to

12  be inconsistent with the record. *Id*.

13      The ALJ's analysis was inadequate because it did not identify what specific

14  testimony or other statements from Ms. R. it found inconsistent with the record, or

15  what specific evidence was inconsistent with her testimony. Instead, the ALJ

16  provided lengthy summaries of Ms. R.'s testimony and the record without further

17  analysis or explanation. While one might be able to infer what testimony the ALJ

18  found inconsistent with the record and why, "[i]nferred reasons fail[] to meet the

19  specific, clear and convincing standard." *Juan G. v. Kijakazi*, 2021 WL 5240498,

20  at *5 (E.D. Wash. Aug. 19, 2021). Instead, the ALJ must identify what testimony is

ORDER REVERSING AND REMANDING THE COMMISSIONER'S
DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS * 20

being discounted, and what evidence undermines these claims. *See Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001); *see also Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020) (While the ALJ is not required to perform a line-by-line analysis of the claimant's testimony, the ALJ is still required to do more than offer "non-specific conclusions that [claimant's] testimony was inconsistent with her medical treatment."). The ALJ's failure to do so is error requiring remand for Ms. R.'s symptom testimony to be re-evaluated.

## D.    Other Challenges

Ms. R. also raises other challenges to the ALJ's formulation of her RFC and its analyses at steps four and step five. However, because this case is remanded for the ALJ to properly consider Ms. R.'s symptom claims, the Court declines to address these other challenges. On remand, the ALJ is instructed to reevaluate Ms. R.'s symptom claims and conduct a new sequential analysis.

## E.    Remedy

Ms. R. urges the Court to remand for an immediate award of benefits.

Generally, an ALJ's failure to make adequate findings necessitates a remand for additional proceedings to make such findings. *Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981). However, the Court has the power to affirm, modify, or reverse a decision with or without remanding for a rehearing. 42 U.S.C. § 405(g). "Courts have generally exercised this power when it is clear from the record that a

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS * 21

1 | claimant is entitled to benefits." *Garrison v. Colvin*, 759 F.3d 995, 1019 (9th Cir.

2 | 2014).

3 |     Where the ALJ makes a legal error, but there is a need to resolve conflicting

4 | evidence and ambiguities in the record, a remand for an award of benefits is

5 | inappropriate. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th

6 | Cir. 2014). Only where there are no outstanding issues requiring resolution can a

7 | witnesses' testimony be credited as true without further proceedings. *Id.* at 1105-

8 | 06.

9 |     Here, it is not clear from the record that the ALJ would be required to find

10 | Ms. R. disabled if the evidence was properly evaluated. Further proceedings are

11 | necessary for the ALJ to reconsider Ms. R.'s symptom testimony and conduct a

12 | new sequential evaluation.

13 |                    CONCLUSION

14 |     Having reviewed the record and the ALJ's findings, this Court concludes the

15 | ALJ's decision is not free of harmful legal error.

16 |     **ACCORDINGLY, IT IS HEREBY ORDERED:**

17 |     1.     Ms. R.'s Brief, **ECF No. 14**, is **GRANTED in part**.

18 |     2.     The Commissioner's Brief, **ECF No. 20**, is **DENIED**.

19 |

20 |

ORDER REVERSING AND REMANDING THE COMMISSIONER'S
DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS * 22

3.     This case is **REVERSED** and **REMANDED** for further administrative proceedings consistent with this Order pursuant to sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED**. The District Court Executive is directed to enter this Order and provide copies to counsel. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

DATED July 21, 2025.

_____
REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS * 23